Soloway v CIM Group, LLC (2025 NY Slip Op 02285)

Soloway v CIM Group, LLC

2025 NY Slip Op 02285

Decided on April 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 17, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Kapnick, Scarpulla, Higgitt, JJ. 

Index No. 651820/23|Appeal No. 4140|Case No. 2024-02101|

[*1]Stephen Soloway, Plaintiff-Respondent,
v
CIM Group, LLC, et al., Defendants-Appellants.

Wasserman Grubin & Rogers, LLP, New York (Richard Wasserman of counsel), for appellants.
Russ & Russ, P.C., Massapequa (Jay E. Russ of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered February 6, 2024, which, to the extent appealed from as limited by the briefs, denied the motion of defendant 246 Spring Street (NY) Manager, LLC to compel arbitration and stay this action pending arbitration, unanimously reversed, on the law, with costs, the motion granted to the extent it seeks to compel arbitration, and the action stayed while the parties proceed to arbitration.
Plaintiff is bound by the arbitration clause in the rental management agreement (RMA), which plaintiff entered into with the prior hotel manager (CPLR 7503[a]).
In an arbitration context, "equitable estoppel allows a nonsignatory to a written agreement containing an arbitration clause to compel arbitration where a signatory to the written agreement must rely on the terms of that agreement in asserting its claims against the nonsignatory" (GE Energy Power Conversion France SAS, Corp. v Outokumpu Stainless USA, LLC , 590 US 432, 438 [2020], quoting 21 R. Lord, Williston on Contracts § 57.19, at 200 [4th ed 2017] [internal quotation marks omitted]; see Doe v Trump Corp. , 6 F4th 400, 412-414 [2d Cir 2021]). Here, plaintiff's claims are "integrally related" to the RMA, as they arise from the hotel's rental program, which plaintiff entered into by signing the RMA (see Thomson-CSF, S.A. v American Arbitration Assn. , 64 F3d 773, 779 [2d Cir 1995]). Although plaintiff purports to base his claims on an agency relationship or implied contract regarding the hotel's rental program, the complaint acknowledges that 246 Spring Street claims to be acting under the RMA's terms and alleges that 246 Spring Street is violating "the spirit and terms" of the RMA. Thus, the agency relationship underlying plaintiff's claims exists only because 246 Spring Street undertook to perform under the RMA.
We have considered the parties' other arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 17, 2025